# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS RIOS,<br><br>     Petitioner,<br><br> v.<br><br>DANIEL PARAMO, *et al.*,<br><br>     Respondents. | Case No. 15-cv-01331-BAS(RBB)<br><br>**ORDER:**<br><br>**(1) GRANTING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT (ECF No. 25);**<br><br>**(2) TERMINATING AS MOOT PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY (ECF No. 27); AND**<br><br>**(3) DENYING PETITIONER'S LETTER REQUEST (ECF No. 31)** |

  Presently before the Court is Petitioner Carlos Rios's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60. (ECF No. 25.) For the following reasons, the Court **GRANTS** Petitioner's request.

  On February 8, 2016, U.S. Magistrate Judge Ruben B. Brooks issued a Report and Recommendation ("R&R") recommending that this Court issue an order granting Respondent's motion to dismiss. (ECF No. 21.) No objections were filed to the R&R. On March 29, 2016, the Court approved and adopted the R&R in its entirety and granted Respondent's motion to dismiss. (ECF No. 22.) Accordingly, the Clerk of the Court entered judgment against Petitioner. (ECF No. 23.)

     Shortly thereafter, Petitioner filed a motion for relief from judgment. (ECF No. 25.) Petitioner argues relief from judgment is appropriate because he did not receive and was not aware of the R&R prior to it being approved and adopted by this Court. (ECF No. 25 at 2:6–8.) To support this statement, Petitioner submits copies of several grievances that he has filed with the California Department of Corrections and Rehabilitation concerning alleged interference with the delivery of his legal mail. (*Id.* at Exs. A & B.) He also notes that he has been litigating a separate action under 42 U.S.C. § 1983 against Respondent and various employees of the Richard J. Donovan Correctional Facility in which he claims the defendants have interfered with the delivery of his legal mail. (*Id.* at 2:25–3:2; *see also Rios v. Paramo*, No. 13-cv-02455-WQH-JMA (S.D. Cal. filed Oct. 10, 2013)). Petitioner also submits a declaration in which he declares under penalty of perjury that he did not receive the R&R. (ECF No. 25 at 7–8.)

     Federal Rule of Civil Procedure 60(b)(6) allows a court to relieve a party from a final judgment or order for any reason that justifies relief. "A party moving for relief under Rule 60(b)(6) 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion.'" *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006)). The Ninth Circuit has cautioned that Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (quoting *Latshaw*, 452 F.3d at 1103).

     Here, the Court finds that Petitioner has demonstrated relief from judgment is appropriate. Petitioner states under penalty of perjury that he did not receive the R&R prior to the Court adopting it. He also demonstrates that he has previously raised concerns over potential interference with the delivery of his legal mail. The Court does note, however, that Petitioner is receiving at least some of his legal mail, which

is demonstrated by the fact that he is aware of the Court's Order adopting the R&R. Nevertheless, in an abundance of caution, the Court will vacate the judgment and its Order adopting the R&R to allow Petitioner the opportunity to object to the R&R. *See, e.g.*, *Smith v. Adams*, No. 109-CV-00292-GSA PC, 2009 WL 3789054, at *1 (E.D. Cal. Nov. 10, 2009) (setting aside judgment based on the plaintiff prisoner's claim that prison staff interfered with the delivery of his mail). Accordingly, as ordered below, Petitioner must file any objections to the R&R no later than **July 22, 2016**.

In light of the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk of the Court shall mail another copy of the Report and Recommendation (ECF No. 21) to Petitioner.
2. Petitioner's motion for relief from judgment (ECF No. 25) is **GRANTED**.
3. The Clerk's judgment (ECF No. 23) is **VACATED**, and the Clerk shall reopen this case.
4. The Court's Order adopting the Report and Recommendation (ECF No. 22) is **VACATED**.
5. **Petitioner may file written objections to the Report and Recommendation with the Court and serve a copy on all parties on or before July 22, 2016**. The document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be filed and served on or before **July 29, 2016**. Petitioner is advised that a failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).
6. Petitioner's motion for a certificate of appealability (ECF No. 27) is **TERMINATED** as moot because the Court has set aside the

1  judgment for which Petitioner seeks a certificate to appeal from.

2  7. Petitioner's letter request for a copy of the docket (ECF No. 31) to determine whether his motions have been resolved is **DENIED** in light of the fact that Petitioner will receive a copy of this Order.

**IT IS SO ORDERED.**

**DATED:  July 1, 2016**

Hon. Cynthia Bashant
United States District Judge