1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**
9           **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| CARLOS RIOS,<br><br>                          Petitioner,<br><br>        v.<br><br>DANIEL PARAMO, *et al.*,<br><br>                          Respondents. | Case No. 15-cv-01331-BAS(RBB)<br><br>**ORDER:**<br><br>**(1)  OVERRULING PETITIONER'S OBJECTIONS (ECF No. 33);**<br><br>**(2)  ADOPTING REPORT AND RECOMMENDATION IN ITS ENTIRETY (ECF No. 21);**<br><br>**(3)  GRANTING RESPONDENT'S MOTION TO DISMISS (ECF No. 7);**<br><br>**(4)  DENYING PETITIONER'S *EX PARTE* MOTION FOR LEAVE TO CONDUCT DISCOVERY (ECF No. 15); AND**<br><br>**(5)  DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY** |

        Petitioner Carlos Rios is a state prisoner proceeding *pro se* and *in forma pauperis*. He filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a disciplinary conviction that resulted in the forfeiture of ninety days of custody credits. (ECF No. 1.) On February 8, 2016, United States Magistrate Judge Ruben B. Brooks issued a Report and Recommendation ("R&R") recommending that

this Court (1) grant Respondent's motion to dismiss the Petition and (2) deny Petitioner's *ex parte* motion for leave to conduct discovery. (ECF No. 21.)

Petitioner did not object to the R&R. Therefore, on March 29, 2016, the Court approved and adopted the R&R in its entirety and granted Respondent's motion to dismiss. (ECF No. 22.) The Clerk of the Court entered judgment accordingly. (ECF No. 23.) However, Petitioner then filed a motion for relief from judgment on the basis that he did not receive the R&R before it was adopted. (ECF No. 25.) On July 1, 2016, the Court granted Petitioner's motion and vacated (1) the judgment against Petitioner and (2) the Court's Order adopting the R&R. (ECF No. 32.) In doing so, the Court provided Petitioner with another opportunity to object to the R&R, and he has now filed objections. (ECF No. 33.)

For the following reasons, the Court (1) **OVERRULES** Petitioner's objections; (2) **APPROVES** and **ADOPTS** the R&R; (3) **GRANTS** Respondent's motion to dismiss, (4) **DENIES** Petitioner's *ex parte* motion for leave to conduct discovery, and (5) **DECLINES** to issue a certificate of appealability.

# I.     BACKGROUND
## A.     Petition

Petitioner is a state prisoner incarcerated at the R.J. Donovan Correctional Facility. (Pet. 1, ECF No. 1.) He was convicted of murder in 1990 and is serving an indeterminate sentence of twenty-seven years to life. (ECF No. 18-1 at 3.) Petitioner is challenging his October 16, 2013, disciplinary conviction for fighting that resulted in the use of force. (Pet. 1–2.) This conviction led to a forfeiture of ninety days of custody credits. (*Id.* 1.) Petitioner alleges that the disciplinary hearing violated his due process rights. (*Id.* 13.) Further, he claims the disciplinary charges he faced were false and brought against him in retaliation for filing grievances and a lawsuit against prison officials. (*Id.*)

//

1   Respondent moved to dismiss the Petition, arguing that federal review is barred
2   by the doctrine of procedural default. (ECF No. 7.) Respondent also argued that this
3   Court lacks habeas jurisdiction over the Petition because Petitioner's disciplinary
4   conviction and the forfeiture of credits assessed against him do not affect his
5   indeterminate life sentence. (*Id.*)

6

7   **B.**      **Report and Recommendation**

8   On February 8, 2016, Judge Brooks issued an R&R on Respondent's motion.
9   (R&R, ECF No. 21.) In the R&R, Judge Brooks first addressed Respondent's
10  argument that the Court lacks habeas jurisdiction over the Petition. (*Id.* 7:21–13:5.)
11  Judge Brooks reviewed the distinction between petitions for habeas corpus filed
12  under 28 U.S.C. § 2254 and prisoner civil rights complaints filed under 42 U.S.C. §
13  1983. (*Id.* 8:7–9:5.) He noted that a challenge to a disciplinary procedure that has
14  only a speculative or incidental effect on the length of a prisoner's sentence is not
15  within the core of habeas jurisdiction, and is instead cognizable under § 1983. (*Id.*
16  9:19–21.) Then, relying on *Ramirez v. Galaza*, 334 F.3d 850, 852 (9th Cir. 2003),
17  Judge Brooks concluded habeas jurisdiction is lacking because expunging
18  Petitioner's disciplinary conviction would not likely accelerate Petitioner's eligibility
19  for parole and Petitioner admitted that his custody credits have been restored. (*Id.*
20  10:6–13:5.)

21  As for Respondent's argument that the Petition is barred by the doctrine of
22  procedural default, Judge Brooks declined to reach this issue because the lack of
23  habeas jurisdiction over the Petition is dispositive. (R&R 13:6–16:10.) Petitioner now
24  objects to the R&R. (ECF No. 33.)

25  //

26  //

27  //

28  //

## II.   **LEGAL STANDARD**

The Court reviews *de novo* those portions of the R&R to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* But "[t]he statute [28 U.S.C. § 636(b)(1)(c)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. This rule of law is well-established in the Ninth Circuit and this district. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so).

## III.   **ANALYSIS**

Petitioner objects to the R&R's conclusion that his Petition should be dismissed for lack of habeas jurisdiction. (Objs. 8:8–12:6, ECF No. 33.) He argues that the overturning and expungement of his disciplinary conviction will likely accelerate his eligibility for parole—speeding his release from prison and making habeas jurisdiction appropriate. (*Id.* 11:21–26.) The Court reviews this portion of the R&R *de novo*.

Petitioner's argument rests on the Ninth Circuit's decision in *Bostic v. Carlson*, 884 F.2d 1267 (9th Cir.1989). (Objs. 11:21–22.) However, an *en banc* panel of the

Ninth Circuit recently overruled *Bostic* in *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016). In *Nettles*, the petitioner was assessed a disciplinary violation for threatening to stab a corrections officer. 830 F.3d at 925–26. He was given a four-month term in the segregated housing unit and lost thirty days of post-conviction credit. *Id.* at 926. A panel of California's Board of Parole Hearings later concluded that the petitioner was unsuitable for parole—referencing, among other things, the petitioner's rule violations in custody. *Id.* The petitioner filed a habeas petition seeking expungement of his disciplinary violation and a restoration of his post-conviction credits. *Id.* at 927. The district court dismissed the petition, concluding that the petitioner "could not show that expungement of the 2008 rules violation report was likely to accelerate his eligibility for parole." *Id.*

On appeal, the Ninth Circuit discussed at length the distinction between habeas jurisdiction under 28 U.S.C. § 2254 and prisoner complaints filed under 42 U.S.C. § 1983. *Nettles*, 830 F.3d at 927–34. The Ninth Circuit noted that the Supreme Court "has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action." *Id.* at 927 (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005)). The Ninth Circuit ultimately then adopted "the correlative rule that a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus." *Id.*

In applying this rule to the petitioner's claim, the Ninth Circuit concluded the claim was not cognizable under habeas jurisdiction. *Nettles*, 830 F.3d at 935. The court reasoned:

> Success on the merits of [the petitioner]'s claim would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole. Under California law, the parole board must consider "[a]ll relevant, reliable information" in determining suitability for parole. A rules violation is merely one of the factors shedding light on whether a prisoner "constitutes a current threat to public safety." Because the parole

1
2
3

     board has the authority to deny parole "on the basis of any of the grounds presently available to it," the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole.

4
5
6

*Id.* at 934–35 (citations omitted). Accordingly, the court held the petitioner's claim did not fall within the core of habeas jurisdiction and must be brought under 42 U.S.C. § 1983. *Id.* at 935.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

     Here, Petitioner's claims are subject to dismissal because they do not fall within the core of habeas jurisdiction. Petitioner, similar to the prisoner in *Nettles*, argues expungement of his disciplinary conviction will likely accelerate his release from confinement. (Objs. 11:21–12:3.) But the Ninth Circuit rejected this argument in *Nettles* for reasons that are applicable to Petitioner's claims. Whether Petitioner has a disciplinary conviction is only one of many factors to be considered by the parole board. *See Nettles*, 830 F.3d at 935. Thus, expungement of Petitioner's disciplinary conviction would not necessarily lead to a grant of parole. *See id.* at 934–35. Because expungement would not necessarily lead to a grant of parole, expungement "would not necessarily lead to immediate or speedier release" from confinement. *See id.* In addition, although Petitioner states he lost ninety days of good-time credits because he has was found guilty at the disciplinary hearing, he admits his credits have since been restored. (R&R 12:7–10, 12:19–20.) Accordingly, because success on Petitioner's claims would not necessarily lead to his immediate or earlier release from confinement, Petitioner's claims do "not fall within 'the core of habeas corpus,' and he must instead bring his claim[s] under § 1983." *See Nettles*, 830 F.3d at 935 (citation omitted) (quoting *Skinner v. Switzer*, 562 U.S. 521, 131 (2011)).

25
26
27
28

     Despite that Petitioner's claims are not cognizable in habeas, this Court has the authority to construe the Petition to plead a cause of action under 42 U.S.C. § 1983. In *Nettles*, the Ninth Circuit held that a "district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining

informed consent from the prisoner." 830 F.3d at 936. Thus, although the district court in *Nettles* correctly determined that the petitioner's claim did not fall within the core of habeas jurisdiction, the Ninth Circuit vacated the district court's dismissal and remanded the action for the district court to consider whether to obtain informed consent from the petitioner to construe his action as being brought under § 1983. *Id.*

In this case, the Court declines to construe the Petition as raising claims under 42 U.S.C. § 1983, and the Court will instead dismiss this action. If Petitioner desires to bring his claims under § 1983, he may file a new action invoking § 1983. This approach is appropriate in these circumstances because the statute of limitations does not prevent Petitioner from filing his claims as a § 1983 action. *See Brooks v. Mercy Hosp.*, 1 Cal. App. 5th 1, 3, 7 (2016) (holding that Cal. Code Civ. Proc. § 352.1 tolls the statute of limitations for two years for persons serving a life sentence with a possibility of parole).

Although Petitioner may choose to file a new action under 42 U.S.C. § 1983, the Court cautions Petitioner that his action will be subject to the Prison Litigation Reform Act ("PLRA"), as opposed to the rules governing habeas petitions. If he is unable to state a non-frivolous claim, the action will be dismissed, and he will suffer a "strike" as that term is defined under the PLRA. If Petitioner suffers three strikes, he will not be permitted to proceed *in forma pauperis* in future actions in most circumstances. The PLRA's requirements for exhaustion of administrative remedies will also apply. In addition, depending on the relief sought, Petitioner's action under § 1983 may be barred by *Heck v. Humphrey*, 512 U.S. 477, 478–79 (1994).

In sum, having conducted a *de novo* review of the portion of the R&R that Petitioner objects to, the Court concludes the magistrate judge's reasoning is sound. Although Judge Brooks issued the R&R before the Ninth Circuit issued its decision in *Nettles*, he correctly concluded that Petitioner's claims are not cognizable under habeas jurisdiction based on authority predating *Nettles*—authority that the Ninth Circuit relied upon in *Nettles* when overruling its inconsistent precedents. *See* 830

F.3d at 931, 933–34 (relying on *Ramirez v. Galaza*, 334 F.3d 850 (9th Cir. 2003), and overruling *Docken v. Chase*, 393 F.3d 1024 (9th Cir. 2004), and *Bostic v. Carlson*, 884 F.2d 1267 (9th Cir. 1989)). Thus, the Court will adopt the R&R in its entirety.

## IV.   CONCLUSION & ORDERS

In light of the foregoing, the Court **OVERRULES** Petitioner's objections (ECF No. 33). Further, the Court **APPROVES** and **ADOPTS** the R&R (ECF No. 21) in its entirety. The Court **GRANTS** Respondent's motion to dismiss (ECF No. 7), **DENIES AS MOOT** Petitioner's *ex parte* motion for leave to conduct discovery (ECF No. 15), and **ORDERS** the Clerk of the Court to enter judgment accordingly.

In addition, a certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Petitioner has made no such showing. Because reasonable jurists could not debate whether "the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further,'" the Court **DECLINES** to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

**IT IS SO ORDERED.**

**DATED:  October 25, 2016**

**Hon. Cynthia Bashant**
**United States District Judge**

– 8 –

15cv1331